T.C. Summary Opinion 2007-108

UNITED STATES TAX COURT

LAWRENCE L. AND PAMELA J. CRANE, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 9402-05S.                Filed June 25, 2007.

Lawrence L. and Pamela J. Crane, pro sese.

<u>James E. Cannon</u>, for respondent.


GOLDBERG, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for

the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a deficiency in petitioners' Federal income tax for the year 2002 in the amount of $1,410. The issues for decision are whether petitioners are entitled to a dependency exemption deduction and a child tax credit for the taxable year in issue.

## Background

The stipulation of facts and the attached exhibits are incorporated herein by reference. At the time the petition was filed, petitioners resided in Grain Valley, Missouri.

Petitioner husband (Mr. Crane) is a warehouse manager for Weld Racing, Inc., in Kansas City, Missouri. Mr. Crane was previously involved in a relationship with Melissa Madrigal (Ms. Madrigal). Two children were born of the relationship. Mr. Crane and Ms. Madrigal were never married.

On April 3, 1995, a judgment was entered in the Circuit Court of Jackson County, Missouri, establishing, inter alia, Mr. Crane's paternity with respect to two minor children, K.M. and P.M.,[1] and the amount of child support to be provided to Ms. Madrigal on the children's behalf. The judgment set the amount of support at $232.50 per child or $465 monthly for both children.

---

[1]The Court uses initials when referring to minors.

The judgment specifically provides the following: (1) Primary physical custody of both children is to be with Ms. Madrigal; (2) Mr. Crane will provide medical insurance for both children; (3) Ms. Madrigal will have the personal exemption for purposes of her State and Federal income tax reports for child P.M.; and (4) if, and only if, Mr. Crane is current in his child support at the end of the year in issue, he will receive the personal dependency exemption on his State and Federal income tax returns for child K.M. In addition, the judgment provides that Mr. Crane's visitation with both children will consist only of alternate weekends, 2 noncontinuous weeks in the summer, alternating Federal and religious holidays, and Father's Day.

During the taxable year in issue, K.M. resided with Ms. Madrigal. Mr. Crane had visitation with K.M. only on alternating weekends, holidays, and Father's Day during 2002.

Petitioners paid $5,458 in child support to Ms. Madrigal between January 7 and December 30, 2002. This payment comports with the amount that Mr. Crane was ordered to pay in the underlying judgment.

On their 2002 Federal income tax return, petitioners claimed dependency exemption deductions and a child tax credit with respect to and for K.M. and another minor child, J.W. In the notice of deficiency, respondent explained that he was disallowing petitioners' claimed exemption for K.M. on the

grounds that another taxpayer had also claimed K.M. "on their (sic) tax return," and that petitioners had not established their entitlement to the exemption. Accordingly, as respondent disallowed the exemption with respect to K.M., he correspondingly adjusted the number of children from two to one for whom petitioners could claim a child tax credit. Petitioners maintain their entitlement "by contract and court order" to claim K.M. as their dependent during the year in issue.

## Discussion

In general, the Commissioner's determination set forth in a notice of deficiency is presumed correct. Welch v. Helvering, 290 U.S. 111, 115 (1933). In pertinent part, Rule 142(a)(1) provides the general rule that the burden of proof shall be upon the petitioner. Rule 142(a)(1). In certain circumstances, however, if the taxpayer introduces credible evidence with respect to any factual issue relevant to ascertaining the proper tax liability, section 7491 shifts the burden of proof to the Commissioner. Sec. 7491(a)(1); Rule 142(a)(2). Petitioners did not argue that section 7491 is applicable in this case, nor did they establish that the burden of proof should shift to respondent. Petitioners, therefore, bear the burden of proving that respondent's determination in the notice of deficiency is erroneous. See Rule 142(a); Welch v. Helvering, supra at 115.

Section 151 allows deductions for personal exemptions, including exemptions for dependents of the taxpayers. See sec. 151(c). Section 152(a) defines the term "dependent", in pertinent part, to include a son or daughter of the taxpayer over half of whose support for the calendar year was received from the taxpayer. "[S]upport" includes "food, shelter, clothing, medical and dental care, education, and the like." Sec. 1.152-1(a)(2)(i), Income Tax Regs.

In determining whether an individual received more than one-half of his or her support from a taxpayer, there shall be taken into account the amount of support received from the taxpayer as compared to the entire amount of support which the individual received from all sources. Id.

Section 152(e) carves out a special exception to the foregoing provisions in the case of parents who are divorced or separated. This exception has been held to apply in cases where the parents were never married. King v. Commissioner, 121 T.C. 245 (2003). Simply put, section 152(e)(1)(B) provides that the parent having legal custody of the child (a.k.a. the custodial parent) at issue is entitled to claim the dependency exemption deduction for that child unless: (1) The noncustodial parent is shown entitled to the deduction under section 151 (including section 152(a)), or (2) the custodial parent has validly executed a written release of his or her right to claim the deduction as

the custodial parent of record.  Sec. 152(e)(1)(B), (2)(A)(i), (ii).

In this case, the parties agree, and the record is clear, that Mr. Crane was not the custodial parent of K.M. during the year in issue.  The record is also clear that Ms. Madrigal did not execute a valid release pursuant to K.M. in 2002.  Accordingly, our remaining inquiry is whether petitioners provided over half of the support for K.M. during the year in issue.

Petitioners submitted evidence showing that they provided $3,347.09 in support for K.M. in 2002.  Of this amount, $2,729 is attributable to the aforementioned child support payments, and $618.09 is attributable to medical and dental insurance costs.  Petitioners credibly testified that they purchased clothing and food for K.M. when she was in their custody.  However, it is well-settled law that the total support for each claimed dependent during the year in issue from all sources must be shown by competent evidence.  See Blanco v. Commissioner, 56 T.C. 512, 514-515 (1971).  Here, petitioners can only substantiate $3,347.09 they provided through child support and medical costs.  Although we believe that petitioners did provide additional support in the form of food, clothing, and shelter during alternate weekends, 2 noncontinuous weeks of summer vacations, and holidays when K.M. was in their custody, they could not

provide the Court with any evidence of these additional amounts spent. Moreover, and most importantly, petitioners could not provide this Court with evidence of the amount of total support expended on K.M. from all sources during the year in issue. It is, in fact, only this evidence that could prove that petitioners did indeed provide more than half of K.M.'s support in the year at issue, thus entitling them to claim a deduction for her under section 152(e)(2)(A)(ii).

Irrespective of the foregoing, petitioners maintain their entitlement to the exemption deduction with respect to K.M. because of the terms of the aforementioned judgment giving Mr. Crane the right to claim K.M. as a dependent so long as "he is current in his child support obligations." The record is silent as to any evidence contrary to the fact that, during the year in issue, Mr. Crane was compliant with his support obligations; however, although the judgment provides that Mr. Crane is entitled to the dependency exemption in 2002 for K.M., is it well settled that State courts, by their decisions, cannot determine issues of Federal tax law. See Commissioner v. Tower, 327 U.S. 280 (1946); Miller v. Commissioner, 114 T.C. 184 (2000). Unfortunately, irrespective of what is contained in the judgment as to Mr. Crane's right to claim a dependency exemption for K.M., the law is clear that petitioners are entitled to a dependency exemption in the 2002 taxable year if, and only if, they are in

compliance with section 152. As previously stated, petitioners have failed to meet this requirement. Accordingly, the Court concludes that pursuant to section 152, petitioners are not entitled to claim a dependency exemption with respect to K.M. in taxable year 2002.

Finally, and with respect to the child tax credit petitioners claimed for K.M. in 2002, section 24(a) authorizes a child tax credit with respect to each qualifying child of the taxpayer. The term "qualifying child" is defined in section 24(c). A "qualifying child" means an individual with respect to whom the taxpayer is allowed a deduction under section 151, who has not attained the age of 17 as of the close of the taxable year, and who bears a relationship to the taxpayer as prescribed by section 32(c)(3)(B). Sec. 24(c)(1).

Since petitioners are not allowed a deduction with respect to K.M. under section 151, it follows that, for the year in issue, she is not a qualifying child. Consequently, irrespective of language in the judgment to the contrary, petitioners are not entitled to claim a child tax credit for K.M. in 2002.

Decision will be entered

for respondent.